# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

Civil Action No. 25-cv-

| | |
|---|---|
| PENNY W. EWING, ) | |
| ) | |
| Plaintiff, ) | **NOTICE OF REMOVAL** |
| ) | |
| v. ) | Gaston County Superior Court |
| ) | Case No. 25-CVS-003936-350 |
| NORTH CAROLINA CVS PHARMACY, ) | |
| L.L.C., d/b/a CVS PHARMACY #005565, and ) | |
| CVS PHARMACY, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants North Carolina CVS Pharmacy, L.L.C. and CVS Pharmacy, Inc. remove this action from the General Court of Justice, Superior Court Division, County of Gaston, North Carolina, to the United States District Court for the Western District of North Carolina. In support of removal, and expressly reserving all questions other than removal, Defendants show the Court as follows:

## Background

1. On August 28, 2025, plaintiff Penny W. Ewing filed a civil action against the Defendants in the Superior Court for Gaston County, North Carolina, case number 25 CVS 003936-350, (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint in the State Court Action is attached as "Exhibit A." The summonses issued to Defendants in the State Court Action with Affidavits of Service are attached as "Exhibit B."

2. The Complaint asserts a claim against the Defendants for negligence based on a theory of premises liability, alleging that Defendants were negligent in its operation and

maintenance of the CVS Pharmacy located at 1075 E. Hudson Blvd., Gastonia, North Carolina. *See generally* Compl. (Ex. A).

## **The Procedural Requirements for Removal Are Satisfied**

3. This Court has original subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Removal is proper under 28 U.S.C. § 1441 because this is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Defendant North Carolina CVS Pharmacy, L.L.C. was served with the Complaint on September 8, 2025, and less than one year has passed since the original commencement of this action. Accordingly, this Notice of Removal is being filed within thirty days of initial service of the Complaint, rendering removal timely under 28 U.S.C. §§ 1446(b) and 1446(c)(1).

5. Defendant CVS Pharmacy, Inc. was served with the Complaint on September 9, 2025, and less than one year has passed since the original commencement of this action. Accordingly, the Notice of Removal is being filed within thirty (30) days of initial service of the Complaint, rendering removal timely under 28 U.S.C. §§ 1446(b) and 1446(c)(1).

6. Venue in this Court is proper under 28 U.S.C. §§ 113(b) and 1441(a), because this is the District and Division embracing the place where the State Court Action was pending at the time of removal.

7. No previous notice of removal has been filed in this action.

8. Proper notice is being given. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of the filing of this Notice of Removal with the Superior Court for Gaston County, North Carolina, and are also serving this Notice of Removal upon Plaintiff's attorney of record.

**Basis for Removal: Diversity Jurisdiction**

9. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Additionally, it is apparent from the Complaint that the amount in controversy in this action exceeds $75,000.00.

10. The federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,. . . ." 28 U.S.C. § 1332(a)

11. Plaintiff is a citizen and resident of Gaston County North Carolina. *See* Compl. ¶ 1.

12. Defendant is a limited liability company that was organized under North Carolina law with its principal place of business in Rhode Island. However, "[f]or purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

13. North Carolina CVS Pharmacy, L.L.C.'s sole member is CVS Pharmacy, Inc., which is a Rhode Island corporation with its principal place of business in Woonsocket, Rhode Island.

14. Based on the foregoing, Defendant is a citizen of Rhode Island for purposes of evaluating diversity jurisdiction under 28 U.S.C. § 1332(a) and (c)(1).

15. Defendant CVS Pharmacy, Inc. is a corporation organized under the laws of Rhode Island with its principal place of business in Woonsocket, Rhode Island. Therefore, CVS Pharmacy, Inc. is a citizen of Rhode Island.

16. As a result, complete diversity of citizenship exists under 28 U.S.C. § 1332. Plaintiff is a citizen of North Carolina, while Defendants are citizens of Rhode Island.

17. Defendants expressly dispute any liability to Plaintiff for monetary, declaratory, or equitable relief, under any claim, and reserve the right to dispute that Plaintiff's Complaint states a claim upon which relief may be granted or otherwise presents a justiciable controversy. Solely for purposes of this Notice of Removal, however, Defendants represent that based on the face of the Complaint, the amount in controversy exceeds $75,000.00.

18. "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith," unless it appears to a "legal certainty" that the claim is truly for less than the jurisdictional amount. *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981); *accord JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010).

19. Under Rule 8 of the North Carolina Rules of Civil Procedure, Plaintiff is not permitted to state a specific demand for monetary relief in the Complaint. N.C. Gen. Stat. § 8(a)(2). In light of this pleading restriction, federal courts in North Carolina have looked to the allegations of the Complaint and employed judicial experience and common sense in evaluating whether the amount-in-controversy exceeds $75,000. *See, e.g.*, *Costin v. Ally Bank Corp.*, No. 7:13-CV-113-BO, 2013 WL 4828576, at *2 (E.D.N.C. Sept. 10, 2013); *Dagiel v. Kemper Corp.*, No. 1:11cv262, 2012 WL 1596978, at *2 (W.D.N.C. May 7, 2012); *Dash v. FirstPlus Home Loan Owner Trust 1996-2*, 248 F. Supp. 2d 489, 496-99 (M.D.N.C. 2003).

20. In the Complaint, Plaintiff asserts a claim of negligence against the Defendant based on a theory of premises liability. *See generally* Compl. She alleges that as she was in the

4

subject CVS Pharmacy location when tripped over an allegedly improperly placed storage tote. Compl. ¶8.

21. As a result of Plaintiff tripping, she fell "to the floor with great force and violence resulting in severe and painful injuries." *Id.* ¶ 8.

22. Plaintiff also alleges damages for loss of income and medical bills incurred. *Id.* ¶ 11.

23. On information and belief, the amount of medical expenses that Plaintiff will seek to recover in this action, as defined by Rule 414 of the North Carolina Rules of Evidence, will exceed $75,000.

24. Based on the foregoing, because there is complete diversity of citizenship and because this action involves more than $75,000 in controversy, removal of this case is proper under 28 U.S.C. § 1332.

## **Non-Waiver of Defenses**

25. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter including, without limitation, failure to state a claim or any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendants remove this action from the General Court of Justice, Superior Court Division, Gaston County, North Carolina to this Court and requests that this Court assume jurisdiction over this action to proceed to final determination thereof. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a response brief in support of its position that this case is removable.

Respectfully submitted, this _8th_ day of October 2025.

/s/ Madeleine M. Pfefferle
Leslie C. Packer
N.C. State Bar No. 13640
Madeleine M. Pfefferle
N.C. State Bar No. 50932
Ellis & Winters LLP
4131 Parklake Avenue, Suite 400
Raleigh, NC 27612
Telephone: (919) 865-7009
Facsimile: (919) 865-7010
Email: Leslie.packer@elliswinters.com
Email: madeleine.pfefferle@elliswinters.com

*Counsel for Defendants*